UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TANYETTA LATRICE JOHNSON, )
)
    Plaintiff, )
)
v. ) No.: 3:06-CV-493
) (VARLAN/GUYTON)
BLOUNT COUNTY, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

Plaintiff Tanyetta Latrice Johnson ("Plaintiff") filed the present civil action against Blount County, Tennessee ("Blount County"), Officer Michelle Jackson ("Jackson"), in her official and individual capacity, and John Doe(s) Correctional Officers 1-10 ("John Does"), in their official and individual capacities, pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiff's constitutional rights.[1] The Plaintiff also claims sexual assault and battery, intentional infliction of emotional distress, and violations of the Tennessee Constitution against Officer Jackson and the John Does in their individual capacities. Defendants Blount County and Jackson, in her official capacity, filed a Motion to Dismiss, and in the Alternative, Motion for Summary Judgment [Doc.20], which is ripe for determination.

The Court has carefully considered the parties' briefs and supporting materials [Docs. 21, 29, 32] in light of the entire record and controlling law. For the reasons set forth herein,

---

[1]Because Defendant Blount County and Defendant Jackson, in her official capacity, jointly filed the present motion, the Court will hereinafter refer to those Defendants collectively as the "Defendants."

Defendants' Motion to Dismiss, and in the Alternative, Motion for Summary Judgment [Doc. 20] will be **GRANTED**.

I.  **RELEVANT FACTS**

Plaintiff is an African-American resident of Blount County, Tennessee. [Doc. 1 at ¶ 1.] Defendant Blount County is a municipal corporation organized and existing under the laws of the State of Tennessee. [*Id.* at ¶ 1; Doc. 7 at ¶ 2.] Defendant Jackson, a female corrections officer, and the John Does, male corrections officers, were employed by Blount County in the Blount County Detention Facility ("BCDF"). [Docs. 1 at ¶ 4, 5; 9 at ¶ 4.] On or about January 1, 2006, Plaintiff was arrested on charges of disturbing the peace and transported to the BDCF. [Doc. 1 at ¶ 17.] While there, Plaintiff claims that Defendant Jackson held her in a choke hold while the John Does ripped Plaintiff's clothes and at least one male officer allegedly put on rubber gloves and inserted his hands into Plaintiff's private areas. [*Id.* at ¶ 20.] Plaintiff also alleges that she was subjected to racial slurs and acts while in Defendant Blount County's custody. [*Id.* at ¶ 25.] Plaintiff was released from BCDF on January 1, 2006 and filed the present civil action on December 28, 2006. [Doc. 1.]

II.  **ANALYSIS**

A.  **Motion to Dismiss**

1.  Standard of Review - Rule 12(b)(6)

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### 2. Jackson and John Doe Officers - Official Capacity

In their motion to dismiss, Defendants contend that because a suit brought against an officially-sued employee is a suit against the employing governmental entity, Defendant Jackson, in her official capacity, should be dismissed from the suit because the employing governmental entity, Blount County, is the real interested party. Though they did not join in Defendants' motion, the official capacity argument as to Defendant Jackson is equally applicable to the John Doe officers. Plaintiff responds that Defendant Jackson, in her official capacity, should not be dismissed because she is not shielded on the basis of qualified immunity.

3

The Sixth Circuit has previously held that "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, in a suit such as this where Plaintiff has filed her complaint against both the officers in their official capacity and sued the county itself, the official capacity suits are simply redundant. Accordingly, Defendants' motion to dismiss the claims against Defendant Jackson, in her official capacity, will be granted. For similar reasons, the Court will also dismiss the claims against the John Doe officers in their official capacities. Pending the Court's further analysis herein, Blount County will remain as a defendant in addition to Defendant Jackson and the John Doe officers in their individual capacities.

    3.  Blount County

  Federal statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must prove (1) deprivation of a right protected by the Constitution or laws of the United States (2) by person acting under color of state law. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Municipalities and other local government units are included among those

"persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Pursuant to § 1983, Plaintiff makes claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments, including her rights to due process, bodily integrity, and equal protection. In the motion to dismiss, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. As to her Fourth and Fourteenth Amendment claims, Defendants contend that Plaintiff's complaint fails to allege any Blount County policy, procedure, or custom that was the moving force or cause of the alleged constitutional torts. Defendants also argue that Plaintiff's Fifth and Eighth Amendment claims should be dismissed because the Fifth Amendment only applies to federal government due process violations while the Eighth Amendment can only arise after conviction. Plaintiff responds that she alleges a de facto policy or custom because the officers were not properly trained as to strip searches of female inmates.

First, Plaintiff's Fifth and Eighth Amendment claims are not actionable against the Defendants. The Fifth Amendment's due process clause "only prohibits due process violations by the federal government." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). Because Blount County is a non-federal government entity, the Fifth Amendment is inapplicable in the present case. Likewise, the Eighth Amendment is

5

inapplicable to this case because it is implicated after criminal conviction. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). Accordingly, Plaintiff's § 1983 claim, to the extent it relies upon the Fifth and Eighth Amendment, will be dismissed.

Second, as to Plaintiff's remaining constitutional claims, the Federal Rules of Civil Procedure provide that a complaint need only contain "a short and plain statement" of the claims. Fed. R. Civ. P. 8(a). In the present case, the complaint alleges that Defendant Blount County failed to reasonably train and supervise Defendants Jackson and the John Doe officers about the treatment of female inmates. [Doc. 1 at ¶ 33.] The Supreme Court has recognized that "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989); *see also Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) ("One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision.") In light of the liberal notice pleading requirements and the Supreme Court's recognition of inadequate training as a potential basis for § 1983 liability, Plaintiff has sufficiently alleged a policy, procedure, or custom to deny the motion to dismiss as to Blount County as to her claims under the Fourth and Fourteenth Amendments.

### C. Motion for Summary Judgment

#### 1. Standard of Review - Rule 56(c)

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The Sixth Circuit has held that "under Fed. R. Civ. P. 12(b), before the district court may treat a motion to dismiss as a summary judgment motion, it must give 'all parties . . . reasonable opportunity to present all material made pertinent to' the issue." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). In the present case, Defendants notified Plaintiff that the present motion was a "motion to dismiss, and in the alternative, motion for summary judgment." [Doc. 20.] Furthermore, Plaintiff responded to Defendants' summary judgment arguments and presented materials outside of the pleadings to support those arguments. [Doc. 29.] Accordingly, the Court may properly treat the Defendants' motion as one for summary judgment if there is reliance on materials outside of the pleadings.

2. Blount County

In their motion for summary judgment, Defendants contend that summary judgment should be granted as to Defendant Blount County because there is no genuine issue of material fact. More specifically, there is allegedly no evidence of any Blount County policy, procedure, or custom that was the moving force behind the alleged constitutional torts against the Plaintiff. The Sixth Circuit has previously found that municipal defendants, like Blount County, cannot be held liable solely based on the conduct of employees because respondeat superior is not available as a theory of recovery under § 1983. *See, e.g., Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507 (6th Cir. 1996). Thus, Blount County "cannot be found liable unless the [P]laintiff can establish that an officially executed policy, or the toleration of a custom within [Blount County] leads to, causes, or results in the deprivation of a constitutionally protected right." *Id.* (citing *Monell*, 436 U.S. at 690-91).

8

A municipal liability claim relies on a two-pronged inquiry: (1) Whether the plaintiff has asserted the deprivation of a constitutional right at all; and (2) Whether the County is responsible for that violation. *Doe*, 103 F.3d at 505-06. In the present case, Plaintiff contends that Defendant Blount County is liable (1) for inadequate training, supervision, and hiring policies and procedures regarding male officers strip searching female inmates and (2) for inadequate training, supervision, and hiring policies and procedures regarding racial discrimination.

###### a. Unconstitutional Search Claim

As to the first issue, the threshold determination is whether a strip search of a female inmate in the presence of male officers constitutes a constitutional violation. In *Cornwell v. Dahlberg*, the Sixth Circuit found that a male inmate's outdoor strip search before several female correctional officers raised a valid privacy claim under the Fourth Amendment. 963 F.2d 912, 917 (6th Cir. 1992). Thus, Plaintiff's claim of a constitutional violation based on the presence of male officers during her strip search satisfies the first inquiry for a municipal liability claim.

The second inquiry is whether Blount County is responsible for that violation for failing to adequately train or supervise its officers regarding strip searches of female inmates. The Sixth Circuit has recognized that "[t]o succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate

9

indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis*, 455 F.3d at 700.

In the present case, Plaintiff has presented deposition testimony from Timothy Burger, a Blount County officer, as evidence to support her claim of inadequate training. Though Burger testified that strip search training was at times extremely basic, he nonetheless indicated that strip search training did occur in Blount County. [*See* Doc. 29-4 at 2.] Deposition testimony from officers Thomas Robert Shudan and Jackson further indicate that strip search training occurred, including that it is not customary for male officers to accompany female officers when they are doing strip searches. [Docs. 29-5 at 3; 32-2 at 19.] The affidavit of Daniel Neubert ("Neubert"), Facility Administrator of the BCDF, states that officers receive training before and during their work in BCDF. [Doc. 20-2 at 5.] The present case is distinguishable from *Cherrington v. Skeeter*, where the officer "did not receive *any* instruction regarding *any* . . . police department policies or procedures." 344 F.3d 631, 647 (6th Cir. 2003) (emphasis in original). The Supreme Court has recognized that the fact "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Harris*, 489 U.S. at 390-91. Likewise, "[n]either will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to avoid the particular injury-causing conduct." *Id.* at 391. Thus, even by construing all facts and inferences in Plaintiff's favor, she has failed to provide sufficient evidence for the inadequacy element to establish her claim.

Plaintiff's claim also fails because she cannot establish Blount County's deliberate indifference. The Sixth Circuit has recognized that to state a municipal liability claim under an "inaction" theory, a plaintiff must establish: (1) the existence of a clear and persistent pattern of mistreatment of detainees; (2) notice or constructive notice on the part of the County; (3) the County's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction and (4) that the County's custom was the "moving force" or direct causal link in the constitutional deprivation. *Miller v. Calhoun County*, 408 F.3d 803, 815 (6th Cir. 2005) (citing *Doe*, 103 F.3d at 508). Thus, "deliberate indifference" is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Miller*, 408 F.3d at 815 (citation omitted). Such deliberate indifference "typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Id.* at 816.

In the present case, Plaintiff has not presented sufficient evidence that there was a "clear and persistent pattern of mistreatment" regarding strip searching of female inmates. *Id.* at 815. The cases relied on by Plaintiff in her response brief do not involve Blount County officers strip searching an inmate, including those involving searches by opposite sex officers. *See Nuchols v. Berrong*, 141 F. App'x 451 (6th Cir. 2005); *Bettag v. Latham,* No. 3:05-cv-233 (E.D. Tenn. filed April 22, 2005); *Turner v. Blount County*, *et al.*, No. 3:06-cv-471 (E.D. Tenn. filed Dec. 13, 2006). Furthermore, though Blount County has a grievance procedure in place, Plaintiff has presented no evidence of other grievances that would go

toward establishing a "clear and persistent pattern of mistreatment." [*See* Doc. 20-2 at 6.] Additionally, the testimony of Defendant Jackson indicates that it is not "customary that male officers accompany female officers when they are doing strip searches." [Doc. 32-2 at 19.]

As to the Plaintiff's allegations regarding hiring, the Supreme Court has recognized that "[o]nly where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 411 (1997). In other words, "it must depend on a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff," and "[t]he connection between the background of the particular applicant and the specific constitutional violation alleged must be strong." *Id.* at 412 (emphasis in original). In the present case, Neubert's affidavit states that corrections officers are "examined, interviewed, tested, and subjected to a background investigation" prior to employment. [Doc. 20-2 at 5.] By comparison, Plaintiff has presented insufficient evidence of Blount County disregarding a known or obvious risk of injury in the hiring of its officers. Absent strong evidence of a connection between the background of the officers and the alleged constitutional violations, Plaintiff cannot prevail on her hiring claim under § 1983. Accordingly, summary judgment will be granted on this claim as to Defendant Blount County.

3.  Blount County - Racial Discrimination Claim

Plaintiff also claims that Defendant Blount County inadequately trained, supervised, and/or hired its officers in relation to her racial discrimination claim. Plaintiff argues that her alleged exposure to racial slurs is sufficient to deny summary judgment as to that claim. However, as stated above, municipal defendants cannot be held liable solely based on the conduct of employees because respondeat superior is not available as a theory of recovery under § 1983. *Doe*, 103 F.3d at 507.

As discussed above, to succeed on a failure to train and/or supervise claim, Plaintiff must present sufficient evidence that (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. *Ellis*, 455 F.3d at 700. After reviewing the record, there is insufficient evidence of inadequate training and/or supervision for Plaintiff's racial discrimination claim as to Defendant Blount County. The record shows that Blount County has written procedures expressly prohibiting discrimination on the basis of an inmate's race. [Doc. 20-2 at 62.] Neubert's affidavit also indicates that officers receive training in these written policies before and during their work in the BCDF. [Doc. 20-2 at 5.] Though Plaintiff's deposition testimony discusses alleged racially-related comments and acts while she was an inmate at BCDF, the Sixth Circuit has found insufficient evidence for a deliberate indifference claim when a Plaintiff "offers no evidence beyond the facts of this case tending to show that the County's training and staffing policies were inadequate." *Miller*, 408 F.3d at 816.

13

Additionally, Plaintiff's reliance on other cases involving Defendant Blount County is insufficient evidence of a "clear and persistent pattern of mistreatment of detainees." In one case, the plaintiff was a sheriff's department employee, not an inmate, so that case fails to establish mistreatment of detainees by Defendant Blount County. 141 *Nuchols*, F. App'x 451 (6th Cir. 2005). In another case, the plaintiff made no allegations of racial discrimination. *Bettag v. Latham,* No. 3:05-cv-233 (E.D. Tenn. filed April 22, 2005). Worth noting, the Sixth Circuit has found that three discrete instances were "simply not enough to reasonably draw" a conclusion that the municipal defendant had a custom or policy of arresting witnesses without probable cause. *Peet v. City of Detroit*, 502 F.3d 557, 568 (6th Cir. 2007). Likewise in the present case, reliance on a single other alleged instance of racial discrimination in *Turner v. Blount County*, *et al.*, No. 3:06-cv-471 (E.D. Tenn. filed Dec. 13, 2006), is insufficient to establish a "clear and persistent pattern of mistreatment of detainees" necessary to satisfy the stringent standard for establishing deliberate indifference. Without sufficient evidence that the training or supervision was inadequate or the "existence of a clear and persistent pattern of mistreatment of detainees," Plaintiff cannot prevail on her racial discrimination claim on the basis of inadequate training and/or supervision.

As to Plaintiff's hiring allegations as it relates to her racial discrimination claim, the Court applies a similar analysis to that discussed above in relation to her unconstitutional search claim. Plaintiff has simply not presented sufficient evidence necessary to establish the strong connection between Defendant Blount County's hiring policies and procedures

and the racially discriminatory acts she alleges. Without more, she cannot establish deliberate indifference by Defendant Blount County, and summary judgment is appropriate.

## III. CONCLUSION

For the reasons set forth herein, Defendants Michelle Jackson, in her official capacity, and Blount County's Motion to Dismiss and/or in the Alternative Motion for Summary Judgment [Doc. 20] is **GRANTED**, whereby claims against Michelle Jackson, in her official capacity, are **DISMISSED with prejudice**. The claims against Blount County are also **DISMISSED with prejudice**. The case will proceed on Plaintiff's remaining claims against Michelle Jackson and John Doe(s) Correctional Officers 1-10, in their individual capacities.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE